STATE OF NORTH CAROLINA
v.
KELLY ZIRKLE.
No. COA07-437
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Yvonne B. Ricci, for the State.
Mercedes O. Chut, for defendant-appellant.
TYSON, Judge.
Kelly Zirkle ("defendant") appeals from judgments entered after pleading guilty to eight counts of forgery of instrument pursuant N.C. Gen. Stat. § 14-119, eight counts of uttering a forged instrument pursuant N.C. Gen. Stat. § 14-120, obtaining property by false pretenses pursuant N.C. Gen. Stat. § 14-100, and possession of more than five counterfeit instruments pursuant N.C. Gen. Stat. § 14-119(b). We vacate and remand for resentencing.

I. Background
On 29 July 2006, defendant was indicted: (1) for eight counts of forgery and uttering using her home computer and printer to create personal checks with nonexistent bank account numbers and bank accounts, which defendant used these bogus checks to purchase and obtain merchandise at K-Mart, Food Lion, and Home Depot during the months of November and December 2005; (2) for obtaining property by false pretense for presenting counterfeit checks for the purchase of gift cards and merchandise from Wal-Mart in Kitty Hawk, North Carolina from 21 November 2005 to 5 December 2005; and (3) possessing more than five counterfeit instruments without authority and with the intent to injure or defraud.
At trial on 14 December 2006, defendant entered a plea agreement to eight counts of forgery, eight counts of uttering, one count of obtaining property by false pretenses, and one count of possession of more than five counterfeit instruments. The trial court found defendant had three prior record points for convictions in Maryland and sentenced her as a Prior Record Level II offender.
The trial court sentenced defendant to pay restitution on seventeen fraudulent checks she had written and to: (1) a term of fifteen to eighteen months imprisonment for possessing counterfeit instruments; (2) a consecutive term of eight to ten months imprisonment for obtaining property by false pretenses; and (3) eight consecutive terms of eight to ten months imprisonment for forgery and uttering. The trial court suspended defendant's sentences for forgery and uttering and placed her on supervised probation for sixty months. Defendant appeals.

II. Issue
Defendant argues the trial court erred in calculating her prior record level by accepting the parties' stipulation to her out-of-state convictions as being substantially similar to North Carolina convictions for sentencing purposes.

III. Prior Record Level
Defendant contends the trial court erred in calculating her prior record level, asserts she was assigned one point for committing the offense while on probation, and cites State v. Hanton, 175 N.C. App. 250, 623 S.E.2d 600 (2006), in support of her position. We find defendant's reliance on Hanton to be misplaced because no stipulation at trial appears in the record. Defendant further asserts no stipulation in the plea agreement or evidence presented at trial shows she had been on probation and that any probation would have been in a foreign jurisdiction. We agree.
N.C. Gen. Stat. § 15A-1340.14(f) (2005) provides the State bears the burden of proving by the preponderance of the evidence that "a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." A defendant's prior convictions may be proven by any of the following methods:
(1) Stipulation of the parties.
(2) An original or copy of the court record of the prior conviction.
(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
(4) Any other method found by the court to be reliable.
Id.
In the instant case, insufficient evidence was presented to prove defendant's prior record level. The State presented no evidence in accordance with the statute above and there are no stipulations in the plea agreement or in the record. Id. The trial court apparently relied on the prior conviction worksheet and concluded that defendant had three prior record level points.
The prior record level worksheet standing alone is insufficient to prove the existence of prior convictions. See State v. Riley, 159 N.C. App. 546, 557, 583 S.E.2d 379, 387 (2003) (A statement by the State that an offender has nine points, and thus is a record level IV, if only supported by a prior record level worksheet, "is not sufficient to meet the catchall provision found in [N.C. Gen. Stat. §] 15A-1340.14(f)(4), even if uncontested by defendant." (citations omitted)).

IV. Conclusion
Because the existence of the out-of-state convictions was neither proven by the State nor stipulated to by defendant, it is unnecessary for us to reach the issue of whether the out-of-state offenses were substantially similar to any offenses under the North Carolina statute. The trial court erred in calculating defendant's prior record level and in sentencing her in reliance thereon. We vacate and remand for resentencing.
Vacated and Remanded for Resentencing.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).